UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURENCIO RODRIGUEZ,

    Petitioner,

v.                                                   CASE NO. 15-11155
                                                     HONORABLE GEORGE CARAM STEEH

WILLIE SMITH,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY**
**(Dkt. 3) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I. Introduction**

This matter has come before the Court on a pro se habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold the petition in abeyance. Petitioner Laurencio Rodriguez is a state prisoner at Ionia Correctional Facility in Ionia, Michigan. He is challenging a Shiawassee County conviction and sentence of 450-850 months for second-degree murder.

On appeal from his conviction, Petitioner claimed that: (1) the trial court erred in denying his motion for a change of venue; (2) he was denied his right to be present during a conference on juror questionnaires; and (3) he was denied effective assistance of counsel when defense counsel (a) failed to use all his peremptory challenges to excuse certain jurors and (b) failed to object to petitioner's absence from the conference on juror questionnaires. The Michigan Court of Appeals rejected petitioner's claims and affirmed his conviction. See People v. Rodriguez, No. 307317, 2013 WL 3766591 (Mich. Ct. App. July 18, 2013). On December 23, 2013, the Michigan Supreme Court

denied leave to appeal because it was not persuaded to review the issues. See People v. Rodriguez, 495 Mich. 915; 840 N.W.2d 370 (2013) (table).

Petitioner signed and dated his habeas corpus petition on March 22, 2015. The Court understands the petition to allege that: (1) petitioner is actually innocent of the crime for which he was convicted; (2) he was denied effective assistance of counsel because defense counsel (a) failed to present a defense, (b) misled petitioner into thinking he would testify, (c) failed to appear at key court hearings, (d) failed to object to petitioner's absence during all jury-selection proceedings, (e) failed to make objections in petitioner's behalf at trial, (f) failed to interview or contact witnesses, and (g) "relied on the prosecution to provide relevant defense needs;" and (3) the State failed to prove that petitioner caused the victim's death.

In his motion for a stay, petitioner alleges that he simultaneously filed a motion for relief from judgment in the state trial court when he filed his habeas petition. He seeks to have his habeas petition held in abeyance while he pursues state remedies.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each habeas claim to the state court of appeals and to the state supreme court

-2-

before raising the claims in a federal habeas corpus petition. Wagner v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009).

With the possible exception of habeas claim 2(d) (defense counsel's failure to object to petitioner's absence at a jury-selection proceeding), petitioner appears to be raising claims that he has not previously presented to the state courts. He claims that he is waiting for the state court to rule on his claims. Although federal district courts ordinarily must dismiss a habeas petition containing both exhausted and unexhausted claims, Rose v. Lundy, 455 U.S. 509, 522 (1982), a dismissal of this case in all likelihood would result in a subsequent petition being barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d). Furthermore, the Supreme Court has stated that federal district courts have authority to grant stays and, in appropriate cases, to stay a case while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-76 (2005). After the inmate exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. Id. at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78. In such circumstances, the district court should stay, rather than dismiss, the habeas petition, because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Id. at 278.

Freestanding claims of actual innocence, such as petitioner's first claim, generally are not a basis for which habeas corpus relief may be granted. Herrera v.

Collins, 506 U.S. 390, 404-05 (1993).  But petitioner's other claims are not plainly meritless, and there is no indication that petitioner is engaged in intentionally dilatory litigation tactics.  Moreover, he alleges that his appellate attorney failed to raise his claims on direct appeal even though he asked the attorney to include the issues in his appeal.  The Court therefore believes it would not be an abuse of discretion to grant petitioner a stay.  Accordingly, the Court **GRANTS** petitioner's motion to stay these proceedings and to hold his habeas petition in abeyance pending exhaustion of state remedies (Dkt. 3).

If petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order.  The amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies for his habeas claims.  Failure to comply with this condition of the stay could result in the dismissal of the habeas petition.  Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014), cert. denied, 135 S. Ct. 1403 (2015).

The Court orders the Clerk of the Court to close this case for administrative purposes.  Nothing in this order shall be construed as an adjudication of petitioner's claims.

Dated:  April 21, 2015

                                              s/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 21, 2015, by electronic and/or ordinary mail and also on Laurencio Rodriguez #649211, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk