UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURENCIO RODRIGUEZ,

       Petitioner,

v.                                  CASE NO. 15-11155
                                     HON. GEORGE CARAM STEEH

WILLIE SMITH,

       Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 7) AND GRANTING HIS MOTION FOR AN EXTENSION OF TIME (Dkt. 8)

On March 26, 2015, petitioner Laurencio Rodriguez filed a pro se habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold the petition in abeyance. The habeas petition challenged petitioner's conviction and sentence for second-degree murder. On April 21, 2015, the Court granted petitioner's motion for a stay so that he could pursue state remedies. In the same order, the Court closed this case for administrative purposes only and directed petitioner to file an amended petition and motion to re-open this case within ninety days of exhausting state remedies if he were unsuccessful in state court. Now before the Court are

- 1 -

petitioner's motion for appointment of counsel and his motion to extend the time for holding his habeas petition in abeyance.

## I. The Motion for Appointment of Counsel

Petitioner seeks appointment of counsel, but there is no constitutional right to appointment of counsel in a collateral attack on a state-court conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Id. Thus, "there is no constitutional right to counsel in habeas proceedings." Post v. Bradshaw, 422 F.3d 419, 425 (6th Cir. 2005) (citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)); see also Barker v. Ohio, 330 F.2d 594, 594 (6th Cir. 1964) (stating that "the constitutional right to counsel in criminal prosecutions provided by the Sixth Amendment does not apply to an application for a writ of habeas corpus, which is a civil proceeding."

"[A]ppointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003) (quotation marks and citations omitted).

Petitioner has ably represented himself thus far, and the interests of justice do not require appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B).  The Court therefore denies petitioner's motion for appointment of counsel (Dkt. 7).

## II.  <u>The Motion for an Extension of Time</u>

In his motion for an extension of time, petitioner states that the Michigan Supreme Court denied leave to appeal the denial of his post-conviction motion on November 30, 2016, but prison officials lost his legal paperwork.  Additionally, the legal writer who was helping petitioner lost the files that he had stored on his computer.  Petitioner contends that he is unable to proceed in this case without his files.  He seeks additional time in which to move to re-open his case and to file an amended petition.  He also seeks an order directing the state court to provide him with the documents that he needs.

Petitioner has shown "good cause" for his inability to file a timely amended petition and motion to re-open this case.  Accordingly, the request for an extension of time (Dkt. 8) is granted pursuant to Federal Rule of Civil Procedure 6(b)(1)(A).  Petitioner shall have an additional **ninety (90) days** from the date of this order to file his amended petition and

- 4 -

motion to re-open this case. The Court denies Petitioner's related request to order the state court to provide him with copies of his court file.

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

Dated: July 14, 2017

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 14, 2017, by electronic and/or ordinary mail and also on Laurencio Rodriguez #649211, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk